IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WENDY ARTEAGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00349 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| CINRAM-TECHNICOLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Docket No. 27), in response to which Plaintiff has filed (on the last permissible day) three documents (Doc. Nos. 33, 34, and 35) that are written entirely in Spanish. The Court cannot tell whether these documents are identical or whether they constitute Objections to the Report and Recommendation. The Court must first address the fact that these documents are not in English.

Neither the undersigned nor a member of his staff is fluent in Spanish. The Clerk of Court cannot be ordered to pay for the costs of translating pleadings from a foreign language to the English language. S*kudnov v. Russell*, Civil Action No. 1:08CV-112, 2009 WL 32846, at * 1 (W.D. Ky. Jan. 5, 2009) (citing *Gomez v. Myers,* 627 F. Supp. 183, 187 (E..D. Tex. 1985)). Federal court filings must be in English, and documents written in another language must be filed with a translation. *Ramirez-Solorio v. United States*, Civil File No. 1:25-cv-3764, 2017 WL 2350209, at * 1 (N.D. Ga. May 31, 2017) (citing *United States v. Rivera Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.")); *Light for Life, Inc. v. Our Firm Found. for Koreans, Inc.*, No. 3:12-cv-38, 2015 WL

631138, at *7 (M.D. Ga. Feb. 12, 2015) ("[F]ederal court proceedings must be conducted in English. Without an English translation, the court would not consider the evidence on summary judgment) (internal quotation marks omitted); *United States v. One 1988 Chevrolet Half Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1329 (S.D. Ala. 2005) (discussing the principle that parties are responsible for providing English translation of their exhibits). Other courts have similarly upheld the English language requirement. *United States v. Canales-Mendoza*, No. 3:17-cv-83023, 2017 WL 2992664, at * 2–3 (W.D. Ark. June 23, 2017) (citing *Commonwealth v. Portillo*, 462 Mass. 324, 328 (2012) ("The language of our State courts, like the language of the Federal courts, is English.")). Thus, the Court cannot consider Plaintiff's Spanish-language documents filed herein,[1] and the Court proceeds as if Plaintiff has filed no Objections.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at * 2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, Case No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, Case No. 3:18-cv-0010, 2018 WL 6322332, at * 3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

---

[1] In light of the Court's decision to dismiss this case without prejudice to Plaintiff's filing an amended complaint, the failure to consider Plaintiff's latest-filed documents is not a source of substantial harm to Plaintiff.

The Court has reviewed the Report and Recommendation, and the Report and Recommendation is adopted and approved. Accordingly, the Motion to Dismiss filed by Defendant Technicolor Home Entertainment Services Southeast, LLC ("Technicolor") (Doc. No. 17) is **GRANTED**, and Plaintiff's claims against Defendant Technicolor are **DISMISSED without prejudice** to her filing an amended complaint by May 18, 2020. In addition, Plaintiff's claims against Defendant Alliance HR, Inc.[2] are **DISMISSED without prejudice** to Plaintiff filing an amended complaint by May 18, 2020. Any amended complaint shall be in English. If Plaintiff fails to file an amended complaint by the May 18, 2020 deadline, these dismissals shall become dismissals with prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge considered Plaintiff's claims against Defendant Alliance HR, Inc. *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2).