IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WENDY ARTEAGA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | NO. 3:19-cv-00349 |
| v. | ) ) | JUDGE RICHARDSON |
| CINRAM-TECHNICOLOR, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 65), wherein the Magistrate Judge recommends that this Court grant Defendants' motions to dismiss (Doc. Nos. 50, 53). Plaintiff (who is proceeding *pro se*) has filed a "Motion for Objections Answer" (Doc. No. 70, "Objection"), which the Court will construe as an objection to the Report and Recommendation.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Objections must be specific; a general objection to the report and recommendation is not

sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Id*. at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*.

Although the Court has construed Plaintiff's Objection as an objection to the Report and Recommendation, that does not mean that it is a proper objection. And in fact it is not a proper objection to the Report and Recommendation. In Plaintiff's Objection, she merely restates the arguments presented to the Magistrate Judge and does not offer specific objections to the Report and Recommendation. She does not point out specifically where she believes the Magistrate Judge erred, whether it be in fact-finding, in legal analysis, or otherwise. Instead, without any reference to the Report and Recommendation, Plaintiff merely recites her arguments as if she were arguing them in the first instance. Thus, the objections do not meet the requirements of Fed. R. Civ. P. 72

and Local Rule 72.02. Thus, Plaintiff has failed to specifically object to the Report and Recommendation and therefore the Court is not required to review, under a *de novo* or any other standard, the Report and Recommendation. *See Lawhorn v. Buy Buy Baby, Inc.*, No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (Richardson, J.). ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made."); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Accordingly, Plaintiff's purported objections are overruled, and the Report and Recommendation (Doc. No. 30) is ADOPTED. Defendants' motions to dismiss (Doc. Nos. 50, 53) are hereby GRANTED. This action is DISMISSED, and the Clerk is directed to close the file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE